IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN SERBINSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAPITAL ONE BANK, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. Plaintiff Justin Serbinski brings this action to secure redress from unlawful credit reporting practices of defendant Capital One Bank in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction), and 15 U.S.C. §1681p (FCRA).

3. Venue in this District is proper because defendant is subject to jurisdiction here.

### PARTIES

4. Plaintiff Justin Serbinski is an individual who resides in Chicago, Illinois.

5. Defendant Capital One Bank is a corporation with offices at 1680 Capital

1

One Drive, McLean, Virginia 22102. Capital One does business in Illinois, and issued the credit card account in question.

## FACTS

6. In June 2009 plaintiff began receiving collection calls from Capital One about a credit card issued to a "JA Serbinski."

7. After the collection calls, plaintiff learned that there were two Capital One accounts which had been opened under the name JA Serbinski which were allegedly linked to his social security number. The accounts ended in the numbers "5502" and "8328." Plaintiff disputed the accounts by phone with Capital One, and on July 16, 2009. Capital One informed plaintiff that he must complete an Identity Fraud Information form to Capital One, even though plaintiff was unsure of whether the situation was actually identity theft, or merely a mistake on Capital One's part. Plaintiff completed and submitted the Identity Fraud Form at Capital One's insistence. <u>Exhibit A</u>

8. Capital One admitted that the account statements had always been sent to an address in Wonder Lake, Illinois, when plaintiff lived in Chicago. Based on documents sent by Capital One to plaintiff, the account had been open since at least 2002, and somebody other than plaintiff had been making payments on the account using "Capital bill pay" and "PayByPhone" and online ACH payments over the years, and as recently as September 25, 2009, when a "direct debit" payment was received.

9. Capital One later informed plaintiff that it would not accept the Identity Fraud Form, and that because he was related to the person who actually opened the account (his Father, who has a similar name), there was "nothing they could do" for him, and that he should retain an attorney to go after that other individual. Plaintiff then had several conversations with a Capital One

employee known as "Spencer" regarding his dispute. Spencer did nothing to resolve the problem. When plaintiff inquired as to whether or not Capital One had submitted any information to the credit bureaus, Capital One would not give him a definite response.

10. On or about November, 2009, plaintiff applied to refinance his mortgages to take advantage of the lower interest rates. Plaintiff's mortgage broker informed him that his credit score had declined approximately two hundred points as a result of the disputed Capital One accounts being included in his credit file.

11. Shortly thereafter, plaintiff spoke with Melissa Tucker from Capital One about his dispute. Ms. Tucker said she would try and resolve the problem.

12. On or about December 1, 2009, plaintiff contacted the credit bureaus, notified them of the fraudulent Capital One accounts, and requested that they place an initial fraud alert on his file. <u>Exhibit B</u> Plaintiff also sent a copy of his dispute letter to Capital One on or about December 1, 2009.

13. On December 10, 2009, Trans Union informed plaintiff that it had completed investigating his dispute and that Capital One had verified the account whose last four numbers are 8328. <u>Exhibit C</u>

14. On December 22, 2009, Experian informed plaintiff that its investigation of the Capital One account was "still pending." On December 17, 2009, Experian sent plaintiff correspondence indicating that it had "provided additional information that relates directly to items on your personal credit report" and further indicating that Capital One "requests that you contact them directly." Experian also sent plaintiff a complete credit report along with the correspondence with included his ID Security Alert and which listed both Capital One accounts.

15. On December 6, 2009, Equifax sent plaintiff correspondence indicating that it was "unable to locate a credit file" for plaintiff with the information provided. Plaintiff sent them the additional information, but has not yet heard back from them.

16. On January 28, 2010, Experian sent plaintiff correspondence indicating that the Capital One account had been "verified" in December, 2010, and would remain in his credit file.

17. On or about February 2, 2010, Ms. Tucker of Capital One contacted plaintiff and informed him that her boss "Chris" needed to speak with plaintiff. Plaintiff spoke with "Chris" who informed him that his only two choices were to either pay the disputed accounts himself or file a police report against his Father.

18. Plaintiff's father denies knowledge of how the account ended up linked to his social security number, and, on information and belief, Capital One has been attempting to collect the disputed accounts from plaintiff's father, while at the same time attempting to collect the accounts from him, and reporting the accounts to the credit bureaus as if they were his. In fact, payments continued to be made on the account by someone other than plaintiff during the time Capital One was refusing to resolve plaintiff's dispute.

19. Plaintiff has expended extensive time and effort dealing with the false reporting and suffered from aggravation, inconvenience, and frustration in dealing with these matters. In addition to being unable to refinance his mortgages and take advantage of lower interest rates, plaintiff had two credit lines (including Bank of America and American Express) reduced as a result of Capital One's conduct in continuing to report the accounts to the credit bureaus as belonging to plaintiff. <u>Exhibit D</u> The most recent credit line reduction by American Express took place in February, 2010.

## COUNT I – DECLARATORY AND EQUITABLE RELIEF

20. Plaintiff incorporates paragraphs 1-19.

21. There is a controversy as to whether any the Capital One accounts identified herein are obligations of plaintiff.

22. A declaration that plaintiff is not obligated on any of the accounts identified herein will resolve such controversy.

23. 815 ILCS 145/1 provides:

**Sec. 1. (a) No person in whose name a credit card is issued without his having requested or applied for the card or for the extension of the credit or establishment of a charge account which that card evidences is liable to the issuer of the card for any purchases made or other amounts owing by a use of that card from which he or a member of his family or household derive no benefit unless he has indicated his acceptance of the card by signing or using the card or by permitting or authorizing use of the card by another. A mere failure to destroy or return an unsolicited card is not such an indication. As used in this Act, "credit card" has the meaning ascribed to it in Section 2.03 of the Illinois Credit Card and Debit Card Act [720 ILCS 250/2.03], except that it does not include a card issued by any telephone company that is subject to supervision or regulation by the Illinois Commerce Commission or other public authority. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant:

(1) Declaring that the Capital One accounts identified herein are not obligations of the plaintiff;

(2) Enjoining defendant from treating or dealing with any of the accounts as obligations of the plaintiff, including but not limited to credit reporting.

(3) Awarding costs;

5

(4) Awarding such other or further relief as the Court deems proper.

## COUNT II – FAIR CREDIT REPORTING ACT VIOLATION

24. Plaintiff incorporates ¶¶1-19.

25. Capital One violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to reasonably investigate when TransUnion and the other credit bureaus contacted Capital One in response to plaintiff's complaints and in providing false information as a result, by failing to delete the inaccurate information after receiving the dispute, and/or by failing to permanently block the reporting of the inaccurate, derogatory information after receiving the dispute. Section 1681s-2(b) provides:

> **(b) Duties of furnishers of information upon notice of dispute.**
>
> **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**
>
> **(A) conduct an investigation with respect to the disputed information;**
>
> **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**
>
> **(C) report the results of the investigation to the consumer reporting agency; and**
>
> **(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**
>
> **(2) Deadline. A person shall complete all investigations, reviews, and**

> **reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

26. Capital One committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o. Capital One ignored its duties under the FACTA amendments to the FCRA, continued to report an account that it conceded was not opened by plaintiff, and erroneously informed plaintiff that his only recourse was to pursue the person who opened the account.

27. Section 1681n provides:

> **§1681n.  Civil liability for willful noncompliance**
>
> **(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**
>
> > **(1)**
> >
> > > **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
> >
> > **(2) such amount of punitive damages as the court may allow; and**
> >
> > **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

28. Section 1681o provides:

> **§1681o.  Civil liability for negligent noncompliance**
>
> **(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of--**

> **(1) any actual damages sustained by the consumer as a result of the failure;**
>
> **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

29. Section 1681p provides:

**§1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USCS §§ 1681et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--**
  **(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or**
   **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against Capital One for:

    (1)    Appropriate actual, punitive and statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other or further relief as the Court deems proper.

### COUNT III – DEFAMATION

30. Plaintiff incorporates paragraphs 1-19.

31. Defendant defamed plaintiff by maliciously and falsely continuing to report and verify the disputed derogatory accounts to Trans Union and the other credit bureaus as belonging to plaintiff, even after it admitted to plaintiff that somebody else opened the accounts.

59. Defendant acted willfully and maliciously. Defendant continued to report the accounts as plaintiffs despite numerous verbal and written disputes from plaintiff, and despite

acknowledging that he did not open the account and that the account statements had always been sent to an address that was not plaintiffs, and despite the fact that payments continued to be made on the account by somebody other than plaintiff. Defendant falsely informed plaintiff that it was not required to do anything to assist him because he was related to the person who actually opened the account. On information and belief, defendant did so in an attempt to force plaintiff to pay the disputed accounts himself in order to preserve his formerly excellent credit rating.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against defendant for:

(1) Appropriate actual, general, and punitive damages;

(2) Costs of suit;

(3) Such other or further relief as the Court deems proper.

s/Daniel A Edelman
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Rupali R. Shah
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                          s/Daniel A Edelman
                                          Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                            s/Daniel A Edelman
                                                            Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Rupali R. Shah
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)